EX PARTE BOOKER T. REED.

No. 25,907. June 11, 1952.
Relator's Motion for Rehearing Denied (Without
Written Opinion) June 28, 1952.
Petition for Writ of Certiorari Denied by Supreme
Court of the United States October 20, 1952.

*George Clifton Edwards* and *Sam Barbaria,* Dallas, for relator.

*Henry Wade,* District Attorney, *Ray L. Stokes,* Assistant District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin. for the state.

BEAUCHAMP, Judge.

Relator's application was filed in the district court of the 14th Judicial District, Dallas, Texas, seeking to secure his discharge from confinement in the penitentiary where he is awaiting execution upon his conviction on a charge of murder.

It is alleged in the application that the judgment and sentence are null and void in that they are based on proceedings had in Criminal District Court No. 2, Dallas County, in violation of the Due Process Clause of the 14th Amendment to the Constitution of the United States. As a basis for this allegation the petition attempts to show that on the trial of his case he was denied the right to be represented "by the attorney and counsel selected and employed by him, that is to say he was denied counsel." It is further alleged that he was compelled to go to trial without adequate time in which to prepare his defense; that there was perjured testimony; and that he has been denied equal protection of the law because of color, contrary to the laws of the State of Texas and the Constitutional of the United States. The judge of that court very properly received the application and developed the facts which were offered in support of the petition and certified the same to this court, in accordance with the provisions of Article 119, Vernon's Ann. Code of Criminal Procedure.

From the conviction in the Criminal District Court No. 2, Dallas County, appeal was taken to this court. An opinion affirming the case was dated January 9, 1952, and was reported in (Page 585, this volume), 244 S.W. 2d, page 821. Because of the order of this court was entered during the present term, and because of the severity of the penalty, we have considered the evidence certified to us and have reviewed the record and the statement of facts in the original appeal. It is our conclusion that there is no basis whatsoever shown for the contentions made, or any part thereof.

The only effort made to prove any part of the allegations on the hearing before Judge Hughes, in the 14th District Court, was on the contention that relator was not represented by counsel of his choice. The evidence so far fails to sustain the allegation that we do not consider it necessary to review the same

here further than to state that Judge Henry King, before whom the trial was had, gave a very clear statement, supported by docket notations, and his evidence refutes every insinuation made by the questions propounded to the witnesses in behalf of relator. Relator's sisters employed an attorney to look after his case until it reached the grand jury. This attorney had a heart attack a day or two later and was unable to comply with his agreement. No procedure was had during this period of time requiring the services of an attorney and the $100.00 paid for that meager service was returned promptly after the jury verdict. The sisters received the same and gave the attorney a receipt discharging him from any obligation in the matter. They made no further effort in behalf of their brother until some sentiment arose which was responsible for the efforts now being made to save the life of relator, of which this procedure is a part.

. The most that can be said is that they talked to an attorney who testified that he would have taken the case had they been able to get up $900.00 more in money, and had he not had the heart attack which disabled him. There is no evidence whatsoever that appellant himself at any time expressed a desire to have the services of this particular attorney. To the contrary, he told Judge King several days after his sisters had visited him in jail and paid the $100.00 to the attorney, that he had no attorney; that he was not able to hire one; and that his relatives were not able to hire one. Based upon his statement, Judge King appointed an attorney who represented him in the trial of the case.

Reference has been made to the fact that this attorney did not appear before the Texas Court of Criminal Appeals to argue the case on appeal, and did not present a brief to this court. We have examined again the statement of facts in the appeal and it is our conclusion that relator was ably represented by the court-appointed attorney who cross-examined the witnesses with skill and ability, and who tried to induce appellant to take the witness stand in his own behalf and give the jury the benefit of his evidence. This the relator refused to do. To this date there has been no substantial statement appearing in the record to indicate a defense for him. The evidence was very conclusive on the original trial and, in all probability, would have been the same regardless of the lawyer who represented him.

Finding no merit in the application or in the evidence introduced in support thereof, the relief prayed for is denied. The

orders of this court heretofore made affirming the case, evidenced by the mandate, will be carried out in accordance with the same and the sentence of the court thereafter imposed.